**Pablo Antonio GONZALEZ–GOMEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73724.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Norberto J. Cisneros, Esq., Cisneros & Thompson, Las Vegas, NV, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Luis E. Perez, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Pablo Antonio Gonzalez–Gomez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Kumar v. INS*, 204 F.3d 931, 933

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2000), and we deny the petition for review.

The IJ concluded that Gonzalez–Gomez had suffered past persecution in Guatemala on account of his political opinion, and gave Gonzalez–Gomez the benefit of a rebuttable presumption that he had reason to fear future persecution. The record supports the IJ's determination that the government provided sufficient evidence of changed country conditions in Guatemala to rebut that presumption. *See id.* at 934. Contrary to Gonzalez–Gomez's contention, the IJ's analysis of how changed country conditions affected his specific situation was sufficiently individualized. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–1000 (9th Cir.2003). We therefore uphold the denial of asylum and withholding of removal.

In its August 16, 2005 decision, the IJ granted Gonzalez–Gomez 60 days to voluntarily depart, on the condition that he post bond within five business days. The government attests that as of August 29, 2007, no bond had been posted, and Gonzalez–Gomez provides no contrary evidence. The IJ's grant of voluntary departure was therefore automatically vacated by operation of 8 C.F.R. § 1240.26(c)(3) and we lack authority to grant Gonzalez–Gomez's request for a stay of the voluntary departure period.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.